Christopher B. Adamson, Esq. (State Bar No. 238500)
Peter M. Williamson, Esq. (State Bar No. 97309)
ADAMSON | AHDOOT
1150 South Robertson Blvd.
Los Angeles, California 90035
T: (310) 888-0024
F: (888) 895-4665
E: christopher@aa-llp.com
E: Peter@aa-llp.com

Attorneys for Plaintiff
DILLON CULLINAN

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DILLON CULLINAN,<br><br>                   Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal entity; CHIEF MICHEL MOORE; and DOES 1 through 100, inclusive,<br><br>                   Defendants. | CASE NO.:  2:20-cv-10258<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES:**<br><br>1.  First Amendment Violation (42 U.S.C. § 1983)<br>2.  Fourth Amendment Violation (42 U.S.C. § 1983)<br>3.  Fourteenth Amendment Violation (42 U.S.C. § 1983)<br>4.  Assault and Battery<br>5.  Negligence<br>6.  Violation of Bane Civil Rights Act (Civil Code § 52.1)<br>7.  Intentional Infliction of Emotional Distress<br>8.  Negligent Infliction of Emotional Distress |

**DEMAND FOR JURY TRIAL**

Plaintiff, DILLON CULLINAN (hereinafter "PLAINTIFF" or "Mr. CULLINAN"), for his complaint against Defendants CITY OF LOS ANGELES (hereinafter "CITY OF LOS ANGELES" or "CITY"), Police Chief MICHEL MOORE (hereinafter "MOORE"), and DOES 1-100), inclusive (hereinafter collectively "Defendants"), alleges as follows:

/ /

## **NATURE OF ACTION**

1.     This is an action that seeks compensatory and punitive damages from Defendants for violating various rights under state and federal law in connection with officers' unjustified assault and use of force against Plaintiff, DILLON CULLINAN by Defendants, DOES 1-100, inclusive, and each of them, of the Los Angeles Police Department (hereinafter "LAPD").

2.     This action arises out of protests across the United States and other nations following the murder of George Floyd by officers of the Minneapolis Police Department. After the deaths of Breonna Taylor and Ahmaud Arbery and others, hundreds of thousands of people around the country and globe simultaneously expressed the collective condemnation for the deaths of Black, Indigenous and People of Color (hereinafter "BIPOC") men and women at the hands of law enforcement and vigilantes condoned by local law enforcement and their support for the Black Lives Matter movement. Large demonstrations occurred in the Los Angeles area, and the vast majority of the participants were peaceful, principled individuals, exercising their First Amendment Right to assemble to seek redress of their grievances. Over the course of approximately a week, the LAPD arrested more than 2,600 individuals engaged in peaceful protest.

3.     The CITY OF LOS ANGELES has been repeatedly sued for the tactics the LAPD engaged in over the course of the above-mentioned arrests. The LAPD displayed tactics including, but not limited to, kettling protestors before declaring an unlawful assembly, excessive force with batons and rubber bullets, and prolonged handcuffing and improper conditions of confinement for arrestees. By kettling the demonstrators, including PLAINTIFF and subjecting them to excessive force, DEFENDANTS violated Mr.. CULLINAN's rights under the U.S. and California Constitution.

4.     Defendants, DOES 1-100, inclusive, and each of them, are directly liable for Plaintiff's injuries under state law pursuant to California *Government Code* § 820.

//

5. Defendants, CITY OF LOS ANGELES, MOORE, and DOES 1-100, inclusive, and each of them, also proximately caused Mr. CULLINAN's injuries and are liable under state law pursuant to California *Government Code* §§ 815.2 and 820.

6. The policies and custom behind assaulting and arresting peacefully protesting civilians such as DILLON CULLINAN are fundamentally unconstitutional and constitute a menace of major proportions to the public. Accordingly, DILLON CULLINAN herein seeks by means of this action to hold accountable those responsible for the unjustified assault, and use of force, against him.

## PARTIES AND THEIR AGENTS

7. Plaintiff, DILLON CULLINAN, is a twenty-seven-year-old man, and at all times mentioned in this Complaint was a resident of the County of Los Angeles, California.

8. Plaintiff is informed and believes, and thereon alleges, that DOES 1-100 inclusive, and each of them, are individuals living in the County of Los Angeles, California. At all relevant times, DOES 1-100 were public employees and agents of Defendant, CITY OF LOS ANGELES, and were acting within the course and scope of their respective duties as police officers and with complete authority and ratification of their principal Defendant, CITY OF LOS ANGELES.

9. At all relevant times, Defendants, DOES 1-100, inclusive, and each of them, were duly appointed officers and/or employees or agents of Defendant, CITY OF LOS ANGELES, subject to oversight and supervision by CITY OF LOS ANGELES' elected and non-elected officials.

10. Plaintiff is informed and believes, and thereon alleges, that DOES 1-100 inclusive, and each of them, were agents, servants, and employees of Defendant CITY OF LOS ANGELES and/or the LAPD. Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1-100, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. As such, the individual DOE Defendants are

sued in both their individual and official capacities.

11.     In doing the acts and failing and omitting to act as hereinafter described, Defendants, DOES 1-100, inclusive, and each of them, were acting on the implied and actual permission and consent of CITY OF LOS ANGELES and MOORE.

12.     Defendant, CITY OF LOS ANGELES, is a municipal corporation duly organized and existing under the Constitution and laws of the State of California. LAPD is a local government entity and an agency of CITY OF LOS ANGELES, and all actions of the LAPD are the legal responsibility of the CITY OF LOS ANGELES. Defendant, CITY OF LOS ANGELES, is sued in its own right on the basis of its policies, customs, and practices that gave rise to Plaintiff's federal rights claims.

13.     Defendant, MICHEL MOORE is, and was, at all times relevant to this action, the LAPD Police Chief and a policymaker for his department. He is sued in both his individual and official capacities.

14.     All Defendants who are natural persons, including DOES 1-100, inclusive, and each of them, are sued individually and/or in his/her official capacity as officers, sergeants, captains, commanders, supervisors, and/or civilian employees, agents, policy makers, and representatives for the CITY OF LOS ANGELES.

15.     Defendants, and each of them, are liable for Plaintiff's injuries under California law and under the doctrine of *respondeat superior*. Liability under California law for public entities and public employees is based upon California *Government Code* §§ 815.2 and 820.

16.     At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every Defendant herein.

17.     On or around September 1, 2020, Plaintiff filed comprehensive and timely claim for damages in accordance with Government Code §§ 910 and 911.2.  Defendants rejected said claim on October 22, 2020.  This action follows.

/ /

18.     Finally, at all relevant times mentioned herein, all Defendants acted as agents of all other Defendants in committing the acts alleged herein.

## JURISDICTION AND VENUE

19.     This Court has subject matter jurisdiction over the Plaintiff's claims pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights jurisdiction).

20.     Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391, as all Defendants reside in and the events giving rise to the claims herein occurred in the City of Los Angeles and the Central District of California.

## FACTS COMMON TO ALL CAUSES OF ACTION

21.     Plaintiff repeats and re-alleges each and every allegation in the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

22.     Plaintiff, DILLON CULLINAN, is a college educated 27-year-old man who currently, and at times relevant to this Complaint, resides in Los Angeles County, California.

23.     On May 30, 2020, Mr. CULLINAN gathered as part of a peaceful protest in Los Angeles in a display of support for Black Lives Matter and the families and memory of BIPOC deaths at the hands of law enforcement, in particular George Floyd.

24.     On May 25, 2020, Minneapolis Police Officer Derek Chauvin, along with two other officers, held George Floyd on the ground, handcuffed behind his back, and ignored pleas to get off his neck, back and legs and let him breathe. Officer Chauvin kept his knee on Floyd's neck for 8 minutes, forty-six seconds. As a result, Mr. Floyd died on the street in Minneapolis.

25.     Both the Minneapolis law enforcement and prosecutors as well as the public, concluded that George Floyd was the latest person to die at the hands of police because of deliberate and unlawful tactics of law enforcement largely because of extensive video by onlookers, security cameras, including police body cameras.

//

26. In Los Angeles, tens of thousands of people participated in lawful and peaceful protest as part of an extraordinary reaction of protests across the country and around the world. Individuals in the protests expressed their ideas in different forms.

27. Defendants reacted to protests, regardless of form or application, by employing expansive curfews and arrests for allegedly failing to comply with curfews, failing to disperse, unlawful assembly, failure to follow a "lawful" order of an officer, and similar misdemeanors undermining the right to engage in protected expressive activity in public spaces.

28. California *Penal Code* § 409, which defines an unlawful assembly, has been repeatedly construed to require a showing of imminent violence that so permeates a lawful expressive activity that law enforcement may curtail the rights of all. In this instance, those facts did not exist.

29. At approximately 7:40 p.m., on May 30, 2020 at, or near, 6053 West 3rd Street, Los Angeles, CA 90036, Defendants surrounded Plaintiff with a boxed-in tactic known as kettling.

30. At approximately 7:40 p.m., on May 30, 2020 at, or near, 6053 West 3rd Street, Los Angeles, CA 90036, Defendants engaged in kettling peaceful protestors by surrounding a group of peaceful citizens, including Mr. CULLINAN, by a large number of uniformed LAPD officers equipped with less-than-lethal weapons and tactical riot gear.

31. Mr. CULLINAN, and others surrounded by the kettling tactic, raised their hands in the air and began shouting, "Hands Up!  Don't Shoot!"

32. Mr. CULLINAN personally witnessed LAPD officers, without provocation or justification, indiscriminately fire less-than-lethal weapons at the peaceful protestors, including himself.  At no time did Mr. CULLINAN, nor any of the other protestors in his immediate vicinity, threaten, provoke, touch, or assault any of the police officers surrounding him/them.

/ /

33. From a distance of approximately thirty (30) feet, uniformed LAPD Police Officers, without provocation or justification, indiscriminately fired their less-than-lethal weapons into the crowd of protestors which included Mr. CULLINAN. One of the less-than-lethal rounds struck Mr. Cullinan on the inside of his left knee, piercing his skin and creating an open flesh wound.

34. After being shot by a less-than-lethal round, Mr. CULLINAN was not arrested, but instead, peacefully left the area of the protest and went home.

35. The CITY OF LOS ANGELES, through CHIEF MOORE and the LAPD, has failed to train its officers in the constitutional response to peaceful demonstrations as revealed by the above-described allegations. Defendants have a custom of using excessive force against peaceful protestors and kettling lawful assemblies, causing injury and denying liberty based on specious group "suspicion." The CITY OF LOS ANGELES has been aware of deficiencies in its training since at least 2000 followed by settlement agreements in June 2005 and June 2009 to revise policies and training. Yet the unlawful crowd control, excessive use of force, *inter alia,* Defendants currently employ fail constitutional requirements.

## FIRST CAUSE OF ACTION

**First Amendment to the U.S. Constitution – 42 U.S.C. § 1983**

**(Against All Defendants)**

36. Plaintiff repeats and re-alleges each and every allegation in the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

37. This cause of action is asserted against Defendants CITY OF LOS ANGELES, CHIEF MOORE, and DOES 1-100, inclusive, and each of them.

38. Defendants, and each of their conduct, described hereinabove, violated Plaintiff's rights to freedom of speech, assembly, and association under the First Amendment to the United States Constitution. Police declaring unlawful assemblies without justification interrupted lawful protests that posed no threat.

//

39. When Mr.. CULLINAN gathered with others on 3rd Street in Los Angeles, LAPD officers used widespread force against Mr. CULLINAN and others gathered in peaceful protest. The LAPD used excessive force when shooting Mr. CULLINAN with a less-than-lethal round, in retaliation for exercising his First Amendment Rights.

40. The Defendants, and each of them, employed the above-mentioned tactics under baseless speculation of some potential unlawful activity by some unknown individual(s).

## SECOND CAUSE OF ACTION

### Fourth Amendment to the U.S. Constitution – 42 U.S.C. § 1983

### (Against All Defendants)

41. Plaintiff repeats and re-alleges each and every allegation in the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

42. This cause of action is asserted against Defendants, CITY OF LOS ANGELES, CHIEF MOORE, and DOES 1-100 inclusive, and each of them.

43. Defendants' conduct, described hereinabove, violated Mr. CULLINAN's rights to be free from unreasonable seizures and excessive or arbitrary force, under the Fourth Amendment to the United States Constitution.

## THIRD CAUSE OF ACTION

### Fourteenth Amendment to the U.S. Constitution – 42 U.S.C. § 1983

### (Against All Defendants)

44. Plaintiff repeats and re-alleges each and every allegation in the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

45. This cause of action is asserted against Defendants CITY OF LOS ANGELES, CHIEF MOORE, and DOES 1-100, inclusive, and each of them.

46. Defendants, and each of their conduct, above described, deprived Mr. CULLINAN of his liberty without due process of law under the Fourteenth Amendment to the United States Constitution.

/ /

47. Based on perceived association with protests for Black Lives Matter and against the continued government-sanctioned killings of BIPOC men and women at the hands of law enforcement, when Plaintiff was denied individualized assessment and subjected to excessive force, Defendants uniformly denied Plaintiff the mandatory "liberty" interest codified in California *Penal Code* § 853.6.

## FOURTH CAUSE OF ACTION

**Assault and Battery – Gov. Code § 820 and California Common Law)**

**(Against All Defendants)**

48. Plaintiff repeats and re-alleges each and every allegation in the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

49. This cause of action is asserted against Defendants, CITY OF LOS ANGELES, CHIEF MOORE, and DOES 1-100, inclusive, and each of them.

50. Defendants, DOES 1-100, inclusive, and each of them, while working as Police Officers for the CITY OF LOS ANGELES Police Department and acting within the course and scope of their duties, wrongfully, unlawfully, intentionally, and violently touched and battered Mr. CULLINAN causing him to sustain serious injuries.

51. Defendants, DOES 1-100 inclusive, and each of them, had no legal justification for their actions, and Defendants DOES' 1-100 inclusive, and each of their use of force against Mr. CULLINAN, while carrying out their duty as officers and as CITY OF LOS ANGELES employees, was an unreasonable use of force.

52. Defendants, DOES 1-100 inclusive, and each of them, also intentionally used unreasonable force against Mr. CULLINAN, including, but not limited to, shooting him with a less-than-lethal round causing Mr. CULLINAN to suffer physical pain, numbness, and lasting bruising and mental and emotional distress when he posed no threat to the officers or anyone else.

53. As a direct and proximate result of Defendants, and each of their conduct as alleged above, Mr. CULLINAN was caused to suffer severe pain and suffering.

/ /

54. Defendant, LOS ANGELES CITY, is vicariously liable for the wrongful acts of Defendants DOES 1-100, inclusive, and each of them, pursuant to California *Government Code* § 815.2(a), which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's act would subject him or her to liability. Further, *Government Code* § 820(a) provides "except as otherwise provided by statute (including Section 820.2), a public employee is liable for injury cased by his act or omission to the same extent as a private person."

55. As a result of their conduct, Defendants, and each of them, are liable for Mr. CULLINAN's injuries, either because they were integral participants in the assault and battery of him, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

56. By reason of the wrongful acts of the Defendants, and each of them, as hereinabove described, Mr. CULLINAN was required to and did employ physicians and surgeons to examine, treat and care for him, and incurred medical expenses for physician and hospital bills and other incidental medical expenses in an amount which has not yet been ascertained. Plaintiff is informed and believes, and thereon alleges, that he will incur additional medical expenses in the future, the exact amount of which is unknown at the present time but will be proven at the time of trial.

57. By reason of the wrongful acts of the Defendants, and each of them, as hereinabove described, Mr. CULLINAN was prevented from attending to his normal employment, and as a result has incurred economic losses including loss of earnings and loss of future earning capacity in an amount which has not yet been ascertained. Plaintiff is informed and believes, and thereon alleges, that he will incur additional economic losses in the future, the exact amount of which is unknown at the present time but will be proven at the time of trial.

58. The intentional and reckless acts of Defendants DOES 1-100, inclusive and each of them, in physically assaulting and battering Mr. CULLINAN was willful, malicious, oppressive and in conscious disregard of Plaintiff's constitutional rights to be

free from an unlawful seizure and excessive force, thereby justifying the imposition of punitive or exemplary damages against said individual defendants only and in favor of Mr. CULLINAN.

## FIFTH CAUSE OF ACTION

### Government Code § 820 and California Common Law

### (Against All Defendants)

59.   Plaintiff repeats and re-alleges each and every allegation in the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

60.   This cause of action is asserted against Defendants CITY OF LOS ANGELES, CHIEF MOORE, and DOES 1-100, inclusive, and each of them.

61.   The actions of Defendants DOES 1-100 inclusive, and each of them, toward Mr. CULLINAN were negligent and reckless, including, but not limited to:

a)   The failure to properly and adequately assess the need to use force against Plaintiff;

b)   The failure to monitor and record any use of force by the CITY OF LOS ANGELES, CHIEF MOORE, including Defendants DOES 1-100 inclusive, and each of them;

c)   The failure to monitor and record any injuries specifically caused by the use of force by the CITY OF LOS ANGELES, CHIEF MOORE, including Defendants DOES 1-100 inclusive, and each of them;

d)   The negligent tactics and handling of the situation with Plaintiff;

e)   The negligent use of force against Plaintiff including shooting him with a less lethal round;

f)   The failure to properly train and supervise employees, both professional and non-professional, including Defendants DOES 1-100 inclusive, and each of them;

g)   The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the

rights of Mr. CULLINAN;

h)     The failure to provide prompt medical care to Mr.. CULLINAN; and

i)     The negligent handling of evidence and witnesses.

62.     As a direct and proximate result of Defendants, and each of their conduct as alleged hereinabove, and other undiscovered negligent conduct, Plaintiff was caused to suffer severe pain and suffering, both physically and emotionally.

63.     In addition, at the aforementioned date, time and place, Defendants and each of them, negligently, carelessly and without reasonable care, touched and violently battered Plaintiff.

64.     Defendant, CITY OF LOS ANGELES is vicariously liable for the wrongful acts of Defendants DOES 1-100, inclusive and each of them, pursuant to California *Government Code* § 815.2(a), which provides that a public entity is liable for the injuries caused by its employees within the scope of their employment if the employee's acts would subject him or her to liability. Further, *Government Code* § 820(a) provides "except as otherwise provided by statute (including Section 820.2), a public employee is liable for injury caused by his act or omission to the same extent as a private person."

65.     The aforementioned acts and omissions of Defendants, DOES 1-100, inclusive and each of them, were committed by them knowingly, willfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff, with conscious disregard to his known rights and deliberate indifference to the risk of injury to Plaintiff. By reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, (except Defendant CITY OF LOS ANGELES) in an amount to be proven at the time of trial.

66.     Defendants CITY OF LOS ANGELES, knew or reasonably should have known that Defendants DOES 1-100 inclusive and each of them,  would engage in such violent misconduct against Plaintiff, during the course and scope of their employment, and that, as a direct and proximate result of those violations, Plaintiff would suffer injuries as alleged herein.

67. Defendants, and each of them, had the authority to supervise, prohibit, control, and/or regulate Defendant police officers so as to prevent the acts and omissions hereinabove described from occurring.

68. Defendants, and each of them, failed to exercise due care by hiring, retaining, and failing to supervise, prohibit, control or regulate Defendants DOES 1-100, inclusive and each of them. As a direct and proximate result of DFEENDANTS' negligent hiring, retention and supervision, control and regulation of Defendant police officers, Mr. CULLINAN has suffered and continues to suffer injuries entitling him to damages in amounts to be proven at the time of trial.

69. By the aforesaid acts and omissions of Defendants, and each of them, Mr. CULLINAN has been directly and legally caused to suffer actual damages including, but not limited to, injuries to his knee, extreme pain and suffering both with regards to physical and mental suffering.

70. As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Mr. CULLINAN has been caused to, did suffer, and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, psychological harm, and physical pain and suffering. The exact nature and extent of said injuries is presently unknown to Mr. CULLINAN. Plaintiff does not know at this time the exact duration or permanence of said injuries but is informed and believes and thereon alleges that some, if not all, of the injuries are reasonably certain to be permanent in character.

71. As a result of their conduct, Defendants, and each of them, are liable for Mr. CULLINAN's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

72. Plaintiff is informed and believes, and thereon alleges, that the Defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable

conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of Mr. CULLINAN, thereby justifying the award of punitive and exemplary damages against the individual defendants only in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### Violation of Bane Act (Civil Code § 52.1)

### (Against All Defendants)

73.   Plaintiff repeats and re-alleges each and every allegation in the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

74.   This cause of action is asserted against Defendants, CITY OF LOS ANGELES, CHIEF MOORE, and DOES 1-100, inclusive, and each of them.

75.   As alleged herein, Defendants, and each them, interfered by threats, intimidation, or coercion with Plaintiff's rights under state and federal laws and under the state and federal Constitution including, without limitation, the right to be free from excessive force, the right to due process, and the right to bodily integrity and protection from bodily harm, including his rights under *Civil Code* § 43, *Penal Code* §§ 149, 240, and 242, and his rights under the First, Fourth and Fourteenth Amendments to the United States Constitution and his rights under Article 1, Sections 1, 7 and/or 13 of the California Constitution.

76.   Defendants, and each of their conduct, caused Plaintiff physical injuries and extreme pain and suffering both with regards to physical and mental suffering.

77.   As a result of their conduct, Defendants, and each of them, are liable for Mr. CULLINAN's injuries, either because they were integral participants in the misconduct, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

78.   As a direct and legal result of Defendants, and each of their, acts and omissions, Mr. CULLINAN suffered damages, including, without limitation, pain and suffering, physical injuries and sickness, emotional distress, psychological injury, medical expenses, attorneys' fees, and costs of suit.

79.     Plaintiff is informed and believes, and thereon alleges, that the acts of the individual Defendants were willful, wanton, malicious, intentional, oppressive, reckless and/or were done with willful and conscious disregard of the rights, welfare, and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages against the individual defendants only in an amount to be determined at time of trial.

80.     Plaintiff brings this claim seeking all damages under state law including statutory damages. Plaintiff also seeks reasonable attorneys' fees under this claim.

## SEVENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### (Against All Defendants)

81.     Plaintiff repeats and re-alleges each and every allegation in the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

82.     This cause of action is asserted against Defendants, CITY OF LOS ANGELES, CHIEF MOORE, and DOES 1-100, inclusive, and each of them.

83.     Defendants, DOES 1-100, inclusive and each of their conduct ,as described above was extreme and outrageous and was done with the intent of causing Mr. CULLINAN to suffer emotional distress or with reckless disregard as to whether their conduct would cause him to suffer such distress.

84.     By the aforesaid acts and omissions of Defendant officers, and each of them, Mr. CULLINAN has been directly and legally caused to suffer actual damages including, but not limited to, extreme pain and suffering both with regards to physical and mental suffering.

85.     As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Mr. CULLINAN has been caused to, did suffer, and continues to suffer, physical pain and injury, severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering. The exact nature and extent of said injuries is presently unknown to Mr. CULLINAN.  Plaintiff does not know at this time the exact duration or permanence

of said injuries but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

86. As a result of their conduct, Defendants, and each of them, are liable for Mr. CULLINAN's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of respondeat superior.

87. Plaintiff is informed and believes, and thereon alleges, that the Defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of Mr. CULLINAN, thereby justifying the award of punitive and exemplary damages against the individual Defendants only in an amount to be determined at the time of trial.

## EIGHTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

### (Against All Defendants)

88. The allegations set forth in this complaint are hereby re-alleged and incorporated by reference.

89. This cause of action is asserted against Defendants CITY OF LOS ANGELES, CHIEF MOORE, and DOES 1-100, inclusive, and each of them.

90. In the alternative, Defendants DOES 1-100, inclusive and each of their conduct, as described hereinabove, was done in a careless or negligent manner, without consideration for the effect of such conduct upon Mr. CULLINAN's emotional well-being.

91. By the aforesaid acts and omissions of Defendant police officers, and each of them, Mr. CULLINAN has been directly and legally caused to suffer actual damages including, but not limited to, extreme pain and suffering both with regards to physical and mental suffering.

/ /

92.    As a further direct and legal result of the acts and conduct of Defendants, and each of them, as aforesaid, Mr. CULLINAN has been caused to and did suffer and continues to suffer physical pain and injury, severe emotional and mental distress, anguish, humiliation, embarrassment, fright, shock, pain, discomfort, anxiety, physical pain and suffering. The exact nature and extent of said injuries is presently unknown to Mr. CULLINAN. Plaintiff does not know at this time the exact duration or permanence of said injuries but is informed and believes, and thereon alleges, that some if not all of the injuries are reasonably certain to be permanent in character.

93.    As a result of their conduct, Defendants are liable for Mr.. CULLINAN's injuries, either because they were integral participants in the assault and battery, or because they failed to intervene to prevent these violations, or under the doctrine of *respondeat superior*.

94.    Plaintiff is informed and believes, and thereon alleges, that the Defendants, and each of them, by engaging in the aforementioned acts and/or in authorizing and/or ratifying such acts, engaged in willful, malicious, intentional, oppressive and despicable conduct, and acted with willful and conscious disregard of the rights, welfare, and safety of Mr. CULLINAN, thereby justifying an award of punitive and exemplary damages against the individual Defendants herein only in an amount to be determined at the time of trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, DILLON CULLINAN, prays for judgment against Defendants, CITY OF LOS ANGELES, CHIEF MICHEL MOORE, and DOES 1-100, inclusive, and each of them, as follows:

1.    For general economic and non-economic damages according to proof;

2.    For special damages according to proof;

3.    For punitive damages where allowed by law;

4.    For prejudgment interest;

5.    For costs of suit incurred herein;

6.  For attorney's fees as allowed by law;

7.  For civil penalties as allowed by law; and

8.  For such other and further relief as this Court deems just and proper.

DATED: November 2, 2020   ADAMSON | AHDOOT

By:  /s/ PETER M. WILLIAMSON
PETER M. WILLIAMSON, Esq.
Attorneys for Plaintiff
DILLON CULLINAN

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury pursuant to *Fed. R. Civ. P. 38(b)*.

DATED: November 2, 2020   ADAMSON | AHDOOT

By:  /s/ PETER M. WILLIASON
PETER M. WILLIAMSON, Esq.
Attorneys for Plaintiff
DILLON CULLINAN

PLAINTIFF'S COMPLAINT FOR DAMAGES